IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRAVION REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-003 |
| | ) | |
| SCOTT WILKES; RUTHIE SHELTON; | ) | |
| MARY ALSTAN; AYAZ CHAUDHARY; | ) | |
| P.A. CAIN; STAN SHEPARD; | ) | |
| KIMBERLY FOUNTAIN; TIMOTHY | ) | |
| WARD; and GREGORY DOZIER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a

review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice, the motion for an "Examination by An Outside Physician" be **DENIED**, (doc. no. 13), and the motions for a preliminary injunction and for entry of default, (doc. nos. 14, 16), be **DENIED AS MOOT**.

I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or

detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits. (Doc. no. 1, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits dealing with facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id. at 1-2.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

## II. DISCUSSION

### A. Dishonesty in the Complaint

Here, under penalty of perjury, Plaintiff identified one prior case he filed dealing with the same facts in this action. (Id. at 1 (disclosing Reid v. Crickmar, No. 1:17-cv-0190 (N.D. Ga. Aug. 16, 2017).) Plaintiff also disclosed four other cases he identified as "dismissed without prejudice." The first three are: (1) Reid v. Wilkes, No. 1:17-cv-032 (S.D. Ga. July 10, 2017) (dismissed for failing to disclose prior lawsuits); (2) Reid v. Crickmar, No. 1:17-cv-0619 (N.D. Ga. May 9, 2017 (dismissed for improper venue); and, (3) Reid v. Crickmar, No. 1:17-cv-0230 (N.D. Ga. Mar. 1, 2017) (dismissed for improper venue). Plaintiff also listed a fourth case out of the Northern District of Georgia, but the Court has been unable to verify a case name or disposition for a case filed by Plaintiff with the case number 1:17-cv-220. Notably, however, the Court is aware of one other federal case Plaintiff did not disclose: Reid v. Crickmar, No. 4:17-cv-119 (N.D. Ga. July 11, 2017) (dismissed for failing

3

to disclose prior lawsuits).[1]  Similar to the instant lawsuit, Plaintiff raised allegations in the undisclosed lawsuit related to his medical treatment for Hepatitis B.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where

---

[1] The Court has not included in its calculation federal habeas corpus cases Plaintiff filed but failed to disclosed.  Some courts also count those undisclosed habeas cases as a dishonest response.  Lucas v. Georgia, No. 1:12-cv-0012, 2012 WL 6813820, at *4 (M.D. Ga. Dec. 5, 2012), *adopted by*, 2013 WL 103135 (M.D. Ga. Jan. 8, 2013).

4

plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). Indeed, as discussed above, Plaintiff has previously had a case dismissed in this Court for providing false information, a decision recently reiterated to Plaintiff when Chief United States District Judge J. Randal Hall denied Plaintiff's motion for reconsideration of the dismissal. Reid v. Wilkes, No. 1:17-cv-032, doc. no. 22 (S.D. Ga. Jan. 23, 2018). As set forth herein, Plaintiff's answer about filing other federal lawsuits was blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### B. Motion for An Examination by an Outside Physician

Pursuant to Federal Rule of Civil Procedure 35, Plaintiff has filed a motion requesting an examination by a physician not associated with the prison medical staff currently responsible for Plaintiff's medical care at ASMP. (Doc. no. 13.) According to Plaintiff, "When there is a conflict with Blood Laboratory issues of diagnoses, the only remedy is to have an examination by an outside physician." (Id. at 3.)

Rule 35 permits a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). However, this Rule does not provide the Court with authorization to appoint an expert to examine a plaintiff seeking an examination of himself. See

Hampton v. Peebles, No. 6:14-CV-104, 2016 WL 4487912, at *2 (S.D. Ga. June 9, 2016) ("No civil litigant, even an indigent one, has a legal right to such aid."); Walker v. Fed. Bureau of Prisons, No. 1:11-CV-01317, 2012 WL 4711898, at *2 (N.D. Ala. Sept. 27, 2012) ("Rule 35(a) does not authorize the court to appoint an expert to examine a party requesting an examination of himself"). Instead, Rule 35 allows the Court "to order a party to submit to a physical examination at the request of an opposing party." Hampton, 2016 WL 4487912, at *2.

Courts within this Circuit have consistently denied requests by plaintiffs seeking similar court orders. See, e.g., id. (denying the plaintiff's request for court-ordered examination under Rule 35); Spore v. Rogers, No. 5:14-CV-0252, 2015 WL 5046582, at *3 (M.D. Ga. Aug. 26, 2015), *adopted by*, No. 5:14-CV-252, 2016 WL 5477097 (M.D. Ga. Sept. 28, 2016) (same); Walker, 2012 WL 4711898, at *2 (same). Consequently, Plaintiff is not entitled to the independent medical examination he seeks under Rule 35, and his motion should be **DENIED**. (Doc. no. 13.)

### C. Motions for Injunctive Relief and Entry of Default

Although both of Plaintiff's remaining motions are due to be denied as moot because of the recommendation for dismissal, there is also no merit to Plaintiff's requests for injunctive relief or entry of default.

#### 1. Motion for Injunctive Relief

Plaintiff seeks an order directing that he be housed in a single-man cell and that he receive all medical treatment he believes he needs from "an outside doctor" or "at a community hospital." (Doc. no. 14.) Plaintiff relies on his own narrative of his medical condition and description of verbal threats by various prison officials to support his request for relief.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot satisfy even the first requisite of showing a substantial likelihood of prevailing on the merits.  As explained above, the entirety of Plaintiff's case is due to be dismissed.  Service of process has never been ordered, no Defendant has been required to appear, and no discovery has ever been exchanged.  Moreover, the motion for an injunction contains no evidentiary support for his contentions, arguing in effect he knows his rights have been violated.  Such purported intuition cannot meet the high hurdle of showing a likelihood of success on the merits.

Also, mere name calling or verbal abuse, without more, does not state a claim under § 1983.  See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[The plaintiff's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.) (finding no

§ 1983 claim based on verbal abuse and threats). Plaintiff claims verbal threats have been made against him by prison officials, but he does not allege any physical harm. To the extent he complains about gang member verbal threats, Plaintiff concedes he has been placed in segregation, (doc. no. 14, p. 6), but he would instead prefer protective custody and a single-man cell. Thus, it appears prison officials have taken steps to remove Plaintiff from potential harm, but Plaintiff simply prefers housing arrangements tailored more to his liking.

Second, Plaintiff has failed to establish that there is a substantial threat he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff offers only unsubstantiated allegations and assessments of his medical condition and what kind of treatment he thinks he needs. Plaintiff offers nothing in the way of specific, verifiable medical information about his circumstances such that the Court could find he would suffer irreparable injury if the injunction is not granted. Moreover, as discussed above, Plaintiff alleges no actual harm resulting from alleged staff verbal threats, and has been placed in segregated housing and thus apparently separated from the potential threat he fears from gang members.

To the extent Plaintiff also requests that prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is

8

unconstitutional.  See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at ASMP from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

In sum, Plaintiff has not shown that he can satisfy all four requisites for obtaining injunctive relief.  Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's motion.  See Jefferson Cty., 720 F. 2d at 1519.  Therefore, even if Plaintiff's motion for injunctive relief were not due to be denied as moot because of the recommendation for dismissal, the motion is without merit.

### 2. Motion for Entry of Default

Plaintiff also filed a request for default.  (Doc. no. 16.)  By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment.  First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b).  Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present:  (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

This is Plaintiff's first filing regarding default, and therefore by definition, he is not entitled to entry of default judgment under Rule 55(b).  Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules.  However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served.  <u>Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada</u>, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served).  Plaintiff's complaint had not been screened at the time he filed his motion, let alone service of process ordered.  Thus, no Defendant has been under any obligation to file a response to the complaint, and the request for default is without merit.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice, the motion for an "Examination by An Outside Physician" be **DENIED**, (doc. no. 13), and the motions for a preliminary injunction and for entry of default, (doc. nos. 14, 16), be **DENIED AS MOOT**.

SO REPORTED and RECOMMENDED this 6th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA